**SO ORDERED.**

**SIGNED this 10 day of September, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:                                                              CASE NO.

3901 FOODS, LLC,                                        09-06772-8-JRL

    DEBTOR.

### ORDER

This case is before the court on Gateway Buchanan Inc.'s motion for declaration that discovery is not in violation of the automatic stay. A hearing took place in Raleigh, North Carolina on September 2, 2009.

### BACKGROUND

Gateway Buchanan, Inc. ("Gateway") leased certain commercial real property to the debtor by lease dated February 8, 2008. Manuel Ismael Pena Rodriguez ("Rodriguez") guaranteed the lease obligations. On February 13, 2009, Gateway filed a complaint against the debtor and Rodriguez (collectively "the defendants") in Wake County Superior Court, alleging a default under the lease agreement. In answer to the complaint, the defendants asserted that certain negotiated terms of the lease limited the tenant's and thereby the guarantor's liability and also asserted a counterclaim against Gateway. Discovery disputes led to Gateway filing a

motion to compel the production of documents, to which the defendants responded by filing a motion for protective order. On August 5, 2009, Judge Joseph of the Wake County Superior Court heard the motions, allowing the motion to compel the production of documents and denying the motion for protective order.

The debtor filed for relief under Chapter 7 of the Bankruptcy Code on August 12, 2009, subsequent to the oral ruling but prior to entry of the written order in state court. Rodriguez has not filed for bankruptcy, and Gateway is pursuing the action on the personal guaranty. The debtor has declined to answer discovery requests or deposition questions involving the debtor's liability under the lease, asserting the protection of the automatic stay.

## **DISCUSSION**

Gateway seeks permission to conduct discovery into the debtor's purported defenses under the lease, which may be asserted by the guarantor, and requests a ruling that such discovery is not stayed by the debtor's bankruptcy filing. The automatic stay prohibits the "commencement or continuation . . . of a . . . proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case. 11 U.S.C. § 362(a)(1). It is well established that the automatic stay does not extend to a debtor's non-bankrupt co-defendants "even if they are in a similar legal or factual nexus with the debtor." See, e.g., Seiko Epson Corp. v Nu-Kote International, Inc., 190 F.3d 1360, 1364 (Fed. Cir. 1999).

The issue facing the court is whether the automatic stay bars discovery requests from a debtor in a multi-defendant case where the debtor is a defendant, but where the request is framed to generate information regarding claims by or against a non-debtor party, even if that

information has the potential to adversely affect the debtor post-bankruptcy. It is generally accepted that the automatic stay does not prohibit discovery pertaining to claims against a debtor's co-defendants, "even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor." In re Richard B. Vance & Co., 289 B.R. 692 (C.D. Ill. 2003); see also, In re Miller, 262 B.R. 499 (B.A.P. 9th Cir. 2001); In re Hillsborough Holdings Corp., 130 B.R. 603 (Bankr. M.D.Fla. 1991). Based on the record in this case, the automatic stay does not apply to the debtor so long as the discovery requests are framed as to a third-party witness in the state court proceedings and there is no attempt to litigate the underlying liability of the debtor. The state court order has full force and effect, and the debtor must comply with its terms.

Based on the foregoing, Gateway's motion for declaration that discovery is not in violation of the automatic stay is GRANTED.

"END OF DOCUMENT"